UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 04-CR-10059-MEL |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 1341 (Mail Fraud) |
| GEORGE J. GRACIE, | ) | 18 U.S.C. § 981 (Forfeiture) |
| | ) | |
| Defendant | ) | |
| | ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1.     At all times material to this Indictment, Defendant GEORGE J. GRACIE ("GRACIE") was an individual who resided at 41 Poole Street, Woburn, Massachusetts.

2.     At all times material to this Indictment, the Boston Taxi Industry Scholarship Fund (the "Taxi Fund") was an organization that provided scholarship assistance to children of Boston taxi industry employees.

3.     At all times material to this Indictment, the Taxi Fund had three bank accounts at Metropolitan Credit Union ("Metropolitan") in Chelsea, Massachusetts: (1) a Scholarship Fund Account (the "Scholarship Fund"), (2) a Scholarship Fund Grant Account, and (3) a Scholarship Fund Banquet Account.

4.     At all times material to this Indictment, GRACIE was a member of the Taxi Fund board of trustees and the board of trustees' designee as treasurer of the Taxi Fund. As treasurer of the Taxi Fund, GRACIE had signature authority over the Scholarship Fund. From at least January 1998 to January 2002, Metropolitan mailed the account statements for the Scholarship

Fund to Gracie personally at "P.O. Box 509001, Chelsea, MA 02150." From February 2002 through at least January 2003, Metropolitan mailed the Scholarship Fund account statements to Gracie at his home address, 41 Poole Street, Woburn, MA 01801.

5. At all times material to this Indictment, GRACIE prepared annual financial reports (the "Annual Reports") for the Taxi Fund. The Annual Reports purported to present a balance sheet, a statement of income and expenses, a schedule of income available for scholarships, and a schedule of administrative expenditures.

6. Beginning no later than mid-1998, GRACIE engaged in a scheme to defraud the Taxi Fund whereby he misappropriated from the Scholarship Fund in excess of $90,000. GRACIE accomplished this by using his signature authority over the Scholarship Fund to write checks payable to himself and depositing the checks into his personal bank account at Cambridge Savings Bank.

7. GRACIE was able to conceal his scheme from the Taxi Fund because GRACIE maintained custody of the Scholarship Fund's account statements, which (unlike the statements for the other Taxi Fund accounts) were mailed directly to him.

8. GRACIE also concealed his scheme by listing fictitious assets in the Annual Reports. Beginning with the Taxi Fund's Annual Report for the fiscal year ended August 31, 1998, GRACIE began listing as assets of the Taxi Fund U.S. government securities that, in fact, were not assets of the Taxi Fund. As the amount of money he took for his own personal use increased, GRACIE would falsely report in the Annual Reports increasing amounts of Taxi Fund assets in U.S. government securities.

2

9.     Thus, by the time of the August 31, 2001 Annual Report (the "2001 Annual

Report"), GRACIE falsely listed as "assets" the following government securities:

| | |
|---|---|
| U.S. TREASURY NOTE 7.50% DUE 11/30/01 | $26,563 |
| FNMA NOTE 6.70% DUE 6/4/02 | $29,273 |
| FNMA NOTE 6.05% DUE 6/30/03 | $40,500 |

In or about December 2001, in furtherance of his scheme to defraud, GRACIE mailed a draft of

the 2001 Annual Report listing these "assets" to one of the Taxi Fund's "founding fathers."

10.     By May 2002, the Scholarship Fund balance had been reduced to approximately

$6,000 from a level of approximately $110,000 in January 1998.

11.     Sometime in 2002, GRACIE ceased communicating with Taxi Fund officials

about the Taxi Fund's finances.

3

## COUNTS ONE THROUGH THIRTEEN
### Mail Fraud
### 18 U.S.C. § 1341

12.    Grand Jury re-alleges and incorporates by reference paragraphs 1-11 of this Indictment and further charges that:

13.    On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant GEORGE J. GRACIE, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing and attempting to do so, did take and receive matters and things sent and delivered by the United States Postal Service, and knowingly caused to be delivered by the United States Postal Service mail such matters and things, as follows:

| COUNT | DESCRIPTION OF MAILING |
|-------|------------------------|
| 1. | Draft 2001 Annual Report mailed on or about December 17, 2001 by GRACIE to Boston Taxi Industry Scholarship Fund, 1554 Centre St., Roslindale, MA 02131-1910. |
| 2. | Metropolitan statement for the Scholarship Fund mailed on or about January 31, 2000 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 176 and 177 made payable to GRACIE. |
| 3. | Metropolitan statement for the Scholarship Fund mailed on or about July 31, 2000 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 187, 188 and 189 made payable to GRACIE. |
| 4. | Metropolitan statement for the Scholarship Fund mailed on or about October 31, 2000 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 194 and 195 made payable to GRACIE. |

4

5.   Metropolitan statement for the Scholarship Fund mailed on or about April 30, 2001 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 204, 205 and 206 made payable to GRACIE.

6.   Metropolitan statement for the Scholarship Fund mailed on or about July 31, 2001 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 209, 211 and 212 made payable to GRACIE.

7.   Metropolitan statement for the Scholarship Fund mailed on or about August 31, 2001 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 213, 214 and 215 made payable to GRACIE.

8.   Metropolitan statement for the Scholarship Fund mailed on or about September 30, 2001 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 216, 217 and 218 made payable to GRACIE.

9.   Metropolitan statement for the Scholarship Fund mailed on or about October 31, 2001 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 219 and 220 made payable to GRACIE.

10.   Metropolitan statement for the Scholarship Fund mailed on or about January 31, 2002 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., P.O. Box 509001, Chelsea, MA 02150" and including Check Nos. 221 and 222 made payable to GRACIE.

11.   Metropolitan statement for the Scholarship Fund mailed on or about February 28, 2002 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., 41 Poole Street, Woburn, MA 01801" and including Check Nos. 223 and 224 made payable to GRACIE.

12.   Metropolitan statement for the Scholarship Fund mailed on or about March 31, 2002 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., 41 Poole Street, Woburn, MA 01801" and including Check No. 228 made payable to GRACIE.

13.   Metropolitan statement for the Scholarship Fund mailed on or about May 31, 2002 to "Boston Taxi Industry Scholarship Fund, George Gracie, Treas., 41 Poole Street, Woburn, MA 01801" and including Check Nos. 225 and 229 made payable to GRACIE.

All in violation of Title 18, United States Code, Section 1341.

5

## NOTICE OF ADDITIONAL FACTORS

The Grand jury further charges that:

14.     The scheme to defraud alleged in each of Counts 1 through 13 of this Indictment involved a loss of more than $70,000 and less than $200,000, as described in U.S.S.G. § 2B1.1(b)(1)(E-G).

15.     In connection with the scheme to defraud alleged in each of Counts 1 through 13 of this Indictment GRACIE abused a position of trust, as described in U.S.S.G. § 3B1.3.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981 & 28 U.S.C. § 2461)

Pursuant to 18 U.S.C. § 981 & 28 U.S.C. § 2461(c), as a result of committing one or more of the offenses set forth in this Indictment, GEORGE J. GRACIE, defendant herein, shall forfeit to the United States any property constituting, or derived from, proceeds he obtained, directly or indirectly, as a result of his violations of 18 U.S.C. § 1341.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence, (2) has been transferred or sold to, or deposited with, a  third person, (3) has been placed beyond the jurisdiction of the Court, (4) has been substantially diminished in value, or (5) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

7

A TRUE BILL

FOREPERSON OF THE GRAND JURY

Assistant United States Attorney
DISTRICT OF MASSACHUSETTS November 18, 2004    @ 2:15PM
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

8

✎JS 45 (5/97) - (Revised USAO MA 3/25/02)

**Criminal Case Cover Sheet**                         **U.S. District Court - District of Massachusetts**

**Place of Offense:**                    **Category No.** _II_____    **Investigating Agency** _FBI_____

**City**  _Chelsea/Woburn/Roslindale___    **Related Case Information:**

**County**  _Suffolk/Middlesex_____    Superseding Ind./ Inf.  _X_____    Case No.  _04-10059-MEL___
                                           Same Defendant  _X_____    New Defendant _____
                                           Magistrate Judge Case Number  _____
                                           Search Warrant Case Number  _____
                                           R 20/R 40 from District of  _____

**Defendant Information:**

Defendant Name  _George J. Gracie_____    Juvenile  ☐ Yes    ☒ No

Alias Name  _N/A_____

Address  _41 Poole Street, Woburn, MA 01801_____

Birth date: _**/**/45___  SS#: _*** ** 9563___  Sex: _M__  Race: _C_____  Nationality: _USA_____

**Defense Counsel if known:**  _Miriam Conrad_____    **Address:**  _Federal Public Defender, 408_____
                                                                       _Atlantic Avenue, Boston, MA 02110__

**Bar Number:**  _550223_____

**U.S. Attorney Information:**

**AUSA**  _Jack W. Pirozzolo_____    **Bar Number if applicable**  _564879_____

**Interpreter:**  ☐ Yes  ☒ No    **List language and/or dialect:**  _____

**Matter to be SEALED:**  ☐ Yes  ☒ No

        ☐ **Warrant Requested**    ☒ **Regular Process**        ☐ **In Custody**

**Location Status:**

**Arrest Date:**  _N/A_____

☐ **Already in Federal Custody as**  _____  **in**  _____ .
☐ **Already in State Custody** _____  ☐ **Serving Sentence**    ☐ **Awaiting Trial**
☐ **On Pretrial Release:  Ordered by** _____  **on**  _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony  _13____

**Continue on Page 2 for Entry of U.S.C. Citations**

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

**Date:**  11/18/04        **Signature of AUSA:**  _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant** _____George J. Gracie_____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. § 1341 | Mail fraud | 1-13 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**   Forfeiture Count, 18 U.S.C. § 981