```
              UNITED STATES DISTRICT COURT

              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
       v.                    )    CRIMINAL NO. 04-10059-MEL
                             )
GEORGE GRACIE                )
```

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Defendant, George Gracie, respectfully submits this sentencing memorandum to assist in his sentencing.

There is no dispute that the sentencing guidelines, as they apply to this case, call for a sentence between 18-24 months. Mr. Gracie, submits, however, that the factors set forth in 18 U.S.C. § 3553(a) warrant a sentence of probation, with a period of time in a halfway house or in home confinement.

<u>Defendant's Background</u>

The following information regarding the defendant's background history and circumstances is taken from the Presentence Report ("PSR"), as well as an evaluation conducted by Marguerite Waterman, a licensed social worker at Mount Auburn Hospital. The evaluation is attached to this memorandum.

Mr. Gracie is a 59-year-old accountant with no prior criminal record. The mail fraud charges in this case arise from his embezzlement of approximately $144,000 from a scholarship fund for which he was the treasurer. The embezzlement was the direct result of a gambling addiction, which became out of control after March 1998, when Mr. Gracie's father died.

Mr. Gracie was very close to both of his parents, who enjoyed gambling and accompanied him on his first gambling trip. Mr. Gracie reports having lost over $500,000 to gambling. He "readily admits that he is addicted to gambling" and is interested in receiving treatment. Ms. Waterman concludes that he meets the diagnostic criteria for "pathological/compulsive gambling."

Mr. Gracie is under a physician's care for high blood pressure, psoriasis, and high cholesterol.

## ARGUMENT

Under the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. ____ (2005), the sentencing guidelines no longer are binding on the Court. Instead, the Court should look to 18 U.S.C. § 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2). The four purposes are "the need for the sentence imposed -

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- B) to afford adequate deterrence for criminal conduct;

- C) to protect the public from further crimes of the defendant; and

- D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"

18 U.S.C. § 3553(a)(2).

In this case, those purposes do not require a sentence greater than probation with a period of time in a halfway house or home confinement.  Mr. Gracie's offense is a direct result of his gambling addiction.  It appears that he stopped gambling six months ago, when his money ran out.  Mr. Gracie does not pose a threat of future criminal conduct, if his gambling addiction is treated.  He is unlikely to receive that treatment in prison.  He certainly can and will receive treatment as an outpatient, while he is on probation.  The only statutorily prescribed purposes that might suggest a need for a harsher sentence arise from the notion of general, rather than specific, deterrence.  But even those purposes are ill-served by a harsher sentence when the motivation for the crime so clearly was an uncontrolled addiction.

Furthermore, Mr. Gracie faces a significant amount of restitution to repay.  The more quickly he can get back to work, the more quickly he could begin to repay it.  The need to provide restitution is one of the factors to be considered in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3553(a)(7).

The other factors which the Court must consider, pursuant to 18 U.S.C. § 3553(a)(1)-(7), also warrant the sentence defendant recommends.  While § 3553(a)(4) is the applicable guideline range and § 3553(a)(5) is the Commission's policy statements, other

factors play at least an equal role under the statutory scheme. These include "the nature of the offense" and the "history and characteristics of the offender." 18 U.S.C. § 3553(a)(3). Here, the nature of the offense is one that was committed to feed an addiction. The history and characteristics of the defendant clearly demonstrate that, but for that addiction, the offense never would have occurred and Mr. Gracie would have continued his life as a law-abiding citizen. He already has suffered the consequences of his action, including the loss of his job, his home, and a felony conviction. Imprisonment would only further diminish his ability to receive treatment promptly and to make restitution as quickly as possible.

It does not matter whether Mr. Gracie's gambling addiction would have warranted a downward departure in a pre-<u>Booker</u> sentencing procedure. We are not moving for a departure, but simply rely upon the factors set forth in 18 U.S.C. § 3553(a). At any rate, the guidelines policy statements in effect at the time that Mr. Gracie committed the instant offense did not prohibit a downward departure based on a gambling addiction. <u>Compare</u> U.S.S.G. § 5H1.4 (2001) <u>with</u> U.S.S.G. § 5H1.4 (2005). At the time, several courts had found that a compulsive gambling disorder could form the basis for a departure. <u>See</u> <u>United States v. Sadolsky</u>, 234 F.3d 938 (6th Cir. 2000) (affirming downward departure in fraud case, based on diminished capacity arising

from compulsive gambling disorder); United States v. Iaconetti, 59 F. Supp. 2d 139 (D.Mass. 1999)(Gertner, J.); United States v. Checoura, 176 F. Supp. 2d 310 (D.N.J. 2001) (granting downward departure based on gambling disorder).  But see United States v. Carucci, 33 F. Supp. 2d 302 (S.D.N.Y. 1999) (denying request for downward departure where compulsive gambling did not directly lead to offense charged).

The guidelines no longer prescribe a presumptive sentence. Such a system would make the guidelines de facto mandatory and therefore would violate the Sixth Amendment.  The Court is free to take Mr. Gracie's gambling addiction and other personal characteristics into account in determining a sentence that is no greater than necessary to achieve the specified purposes of sentencing.

>                              GEORGE GRACIE
>                              By his attorney,
>
>
>                              /s/ Miriam Conrad
>
>                              Miriam Conrad
>                                B.B.O. #550223
>                              Federal Defender Office
>                              408 Atlantic Ave., 3rd Floor
>                              Boston, MA  02110
>                              Tel: 617-223-8061